**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: August 18, 2021
Date Decided: September 3, 2021

Carl D. Neff, Esquire
FisherBroyles, LLP
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19803

Lisa Zwally Brown, Esquire
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Re:  *Jason Dolan v. Jobu Holdings, LLC*, *Jobu Presents LLC*,
      and *Jobu Partner Holdings LLC*
      C.A. No. 2020-0961-JRS

Dear Counsel:

On July 16, 2021, Plaintiff, Jason Dolan, filed a motion requesting that the

Court issue an Order to Show Cause as to why Defendants, Jobu Holdings, LLC,

Jobu Presents LLC, and Jobu Partner Holdings LLC (together, "Defendants"),

should not be held in contempt for violating the Stipulation and Consent Order

entered on March 16, 2021 (the "Motion"). For the reasons explained below, the

Motion is DENIED.[1]

## I. BACKGROUND

This is a Delaware LLC "books and records" action filed under 6 *Del. C.*

§ 18-305.[2] On March 16, 2021, the parties submitted a Stipulation and Consent

Order ("Order") to the Court, which the Court entered the same day.[3] As part of

the Order, Defendants were required to file their 2020 federal, state and local tax

returns, as well as 2020 financial statements prepared by an accredited accounting

firm, by June 14, 2021. They were also to provide those completed documents to

Plaintiff.

Defendants did not prepare and file the relevant documents by June 14, 2021.

Before that date, however, counsel for Defendants informed Plaintiff's counsel that

---

[1] Defendants' requests for a hearing on the Motion or leave to file a sur-reply are denied as moot. (D.I. 46).

[2] Pl.'s Verified Compl. (D.I. 1), at ¶¶ 1, 6.

[3] Pl.'s Mot. for Order to Show Cause as to Why Defendants Should Not be Held in Contempt (D.I. 40) ("Pl.'s Mot."), at ¶ 2; Stipulation and Consent Order (D.I. 39).

the documents were not yet complete and would be provided as soon as they were available.[4]   On June 30, 2021, Defendants provided Plaintiff a letter from the accounting firm charged with preparing the tax returns, which verified the firm's engagement to perform services for Defendants and briefly explained the cause for the delay.[5]   In addition to the reasons explained in the accountant's letter, Defendants have described, in detail, numerous causes for the delay in meeting the stipulated deadline in correspondence and in their brief opposing the Motion.[6]

## II.  ANALYSIS

The standard for citing a party with civil contempt is well-settled. "To establish civil contempt, [the petitioning party] must demonstrate that the [contemnors] violated an order of this Court of which they had notice and by which they were bound."[7]  The petitioning party bears the burden of showing contempt by

---

[4] Pl.'s Mot., Ex. B; Defs.' Response to Pl.'s Mot. for Order to Show Cause (D.I. 42) ("DRB"), at ¶ 5.

[5] Pl.'s Mot., Ex. C; DRB, at ¶ 6.

[6] DRB, at ¶¶ 8–18.

[7] *TR Invs., LLC v. Genger*, 2009 WL 4696062, at \*15 (Del. Ch. Dec. 9, 2009), *aff'd*, 26 A.3d 180 (Del. 2011) (alterations in original) (citation omitted).

clear and convincing evidence; only upon carrying that burden will "the burden . . . shift[] to the contemnors to show why they were unable to comply with the order."[8] Importantly, to justify a citation for contempt, the violation "must not be a mere technical one, but must constitute a failure to obey the Court in a meaningful way."[9] Further, "[e]ven where there has been a violation, the Court will consider good faith efforts to comply with the order or to remedy the consequences of non-compliance."[10] Resolution of a motion to show cause why a party should not be held in contempt is "addressed to the discretion of this Court."[11]

In my view, Defendants' conduct does not rise to the level of contempt because Defendants' actions do not constitute a failure to obey the Court in a meaningful way. To be sure, a technical violation has occurred. But this Court

---

[8] *Id.*

[9] *Dickerson v. Castle*, 1991 WL 208467, at *4 (Del. Ch. Oct. 15, 1991) (citing *Palmigiano v. DiPrete*, 700 F. Supp. 1180, 1191 (D.R.I. 1988)).

[10] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009) (citing *Dickerson*, 1991 WL 208467, at *4).

[11] *Dickerson*, 1991 WL 208467, at *3.

cannot conclude based on the facts before it that Defendants have acted in willful disregard of the Order or have refused to make good faith efforts to comply.

It should be emphasized, however, that Defendants must adhere to this Court's ordered deadlines or face the Court's "inherent authority to impose contempt sanctions" for meaningful violations of the Court's order.[12] The deadline by which Defendants must comply with their obligations under the Stipulation and Consent Order, to the extent not already complied with, is extended to **September 30, 2021**. No further extensions will be granted absent good cause shown.

For the foregoing reasons, the Motion must be DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[12] *Deutsch v. ZST Digit. Networks, Inc.*, 2018 WL 3005822, at *9 (Del. Ch. June 14, 2018).